|    |                              |                                  |
|----|------------------------------|----------------------------------|
|    | UNITED STATES DISTRICT COURT |                                  |
|    | DISTRICT OF NEVADA           |                                  |
|    | * * *                        |                                  |
|    | FRANCIS GAON,                | Case No. 2:17-cv-02209-MMD-VCF   |
|    | Petitioner,                  | ORDER                            |
|    | v.                           |                                  |
|    | SHERIFF JOSEPH LOMBARDO,     |                                  |
|    | Respondent,                  |                                  |
|    | and                          |                                  |
|    | THE STATE OF NEVADA,         |                                  |
|    | Real Party in Interest.      |                                  |

This case is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 by Petitioner Francis Gaon, who, according to his petition, is in custody awaiting trial on a felony charge of driving and/or being in actual physical control while under the influence of intoxicating liquor (DUI) under NRS §§ 484C.110 and 484C.410. (*See* Petition for Writ of Habeas Corpus (ECF No. 1).) Gaon is represented by counsel in this action. Gaon's petition names as respondents: "Sheriff Joseph Lombardo, Respondent," and "State of Nevada, Real Party in Interest" (collectively, "Respondents"). (*Id.*)

In his petition, Gaon claims that NRS § 484C.410 is unconstitutionally vague, in violation of his rights under the federal constitution. (*See id.*) Gaon seeks "[a]n Order

///

finding that NRS [§] 484C.410 is constitutionally void for vagueness and releasing Gaon from custody under the [s]tate filed information." (*See id.* at 5.)

On December 5, 2017, Respondents filed a motion to dismiss (ECF No. 9), grounded on the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971).

On December 28, 2017, Gaon filed a motion requesting a "stay" of the state court criminal proceedings. (ECF No. 10.) Gaon argued in his motion that a stay was necessary because, without it, the state criminal trial would occur before his federal habeas petition could be adjudicated. The Court denied the motion for a stay on *Younger* abstention grounds. (*See* Order entered December 28, 2017 (ECF No. 11).)

On January 3, 2018, Gaon filed an opposition to Respondents' motion to dismiss. (ECF No. 12.) Respondents replied on January 31, 2018. (ECF No. 13.)

"*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Com. Pol. Action Committee v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008). "[A]bstention principles ... prohibit a federal court from considering a pre-conviction habeas petition that seeks preemptively to litigate an affirmative constitutional defense unless the petitioner can demonstrate that 'extraordinary circumstances' warrant federal intervention." *Brown v. Ahern*, 676 F.3d 899, 901 (9th Cir. 2012) (citing *Carden v. St. of Mont.*, 626 F.2d 82, 83 (9th Cir. 1980)). "[T]he category of 'extraordinary circumstances' . . . encompass[es] only 'cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction,' or where 'irreparable injury can be shown.'" *Id.* at 901 (quoting *Carden*, 626 F.2d at 83).

This case falls squarely under the *Younger* abstention doctrine. Gaon claims that a state statute, under which he is being prosecuted, is unconstitutionally vague, and, therefore, the prosecution should be enjoined by this federal court. This was the position of the plaintiff in the *Younger* case itself, who claimed that the California Criminal Syndicalism Act was vague and overbroad, and who sought an injunction stopping his prosecution under that act. In *Younger*, the Supreme Court recognized principles of

2

1 || comity and federalism in holding that federal judges are not to stay state criminal
2 || proceedings absent extraordinary circumstances, which may be found when there is
3 || danger of irreparable injury or where the prosecution is in bad faith. *See Younger*, 401
4 || U.S. at 43–55. The Supreme Court instructed that the irreparable injury warranting federal
5 || injunctive relief must be injury beyond "that incidental to every criminal proceeding
6 || brought lawfully and in good faith." *Id.* at 47 (quoting *Douglas v. City of Jeannette*, 319
7 || U.S. 157, 164 (1943)).

There is no showing that the issue of the alleged vagueness of NRS § 484C.410 must be litigated in federal court before Gaon's state criminal trial in order to prevent the sort of irreparable injury contemplated in *Younger*. Gaon's attempt to characterize NRS § 484C.410 as a statute of limitations, and, in turn, to liken his claim to a double jeopardy claim, warranting immediate federal injunctive relief, is unsupported and unconvincing. (*See* Opposition to Motion to Dismiss (ECF No. 12 at 10–12).)

Nor does Gaon show that his prosecution under NRS § 484C.410 is in bad faith. (*See id.* at 12–15.) The Court finds Gaon's argument in this regard to be wholly without merit.

The Court determines that this habeas action is subject to dismissal, as barred by the *Younger* abstention doctrine.

The Court determines, further, that a certificate of appealability is unwarranted. The issuance of a certificate of appealability is governed by 28 U.S.C. § 2253(c). The Supreme Court has interpreted section 2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

3

1 | *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000). Applying this standard, the Court finds that a certificate of appealability is not warranted. Jurists of reason would not find debatable the application of the *Younger* abstention doctrine in this case.

It is therefore ordered that Respondent's Motion to Dismiss (ECF No. 9) is granted. This action is dismissed.

It is further ordered that Petitioner is denied a certificate of appealability.

It is further ordered that the Clerk of the Court enter judgment accordingly.

DATED THIS 2nd day of August 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE